UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES PHILIP DOUGLAS,

    Plaintiff,

v.

RON VAN BOENING, *et al*,

    Defendants.

Case No. C08-5608RJB-KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

ORDER
Page - 1

right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, plaintiff asserts various state law claims against defendants stemming from his participation in information technology classes offered to inmates through Piearce College at his current place of incarceration. Specifically, plaintiff claims he was unlawfully coerced to continue to enroll in certain classes against his will. As noted above, however, plaintiff must assert a claim against defendants acting under color of state law, alleging a violation of federal law.

The only federal claim plaintiff makes in his complaint, though, is that Pierce College violated his equal protection rights by not treating him "as an equal to that of other students in and outside" his current place of incarceration. (Dkt. #1-2, p. 4). First, plaintiff has not named Pierce College as a defendant in this matter. Second, it is not at all clear that the Pierce College he refers to in his complaint is acting under color of state law. That is, plaintiff has not alleged it is a state agency or other state entity or actor. See Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997) (defendant has acted under color of state law if he or she exercises power possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law ).

Even if Pierce College could be considered to be a state actor, furthermore, plaintiff has failed to allege a valid equal protection claim here. The Equal Protection Clause requires that all persons similarly situated be treated similarly by the government. Inmates are protected under the Equal Protection Clause against invidious discrimination. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Lee v. Washington, 390 U.S. 333, 334 (1968). To set forth a *prima facie* violation of the Equal Protection Clause a plaintiff first must prove a discriminatory intent or purpose. Village of Arlington Heights v. Metropolitan Housing

ORDER
Page - 2

Dev. Corp., 429 U.S. 252, 265 (1977); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 763 (9th Cir. 1991). Conclusory allegations by themselves do not establish an equal protection violation without further proof of invidious discriminatory intent. See Village of Arlington Heights, 429 U.S. at 265.

Plaintiff must "show that he was treated differently . . . because he belonged to a protected class." Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995); see also Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir. 1998) (to state claim under section 1983, plaintiff must show intent or purpose to discriminate against him based upon membership in protected class). The fact that plaintiff is a prisoner, however, does not itself qualify him as a member of a protected class for Equal Protection Clause purposes. See Wolff, 418 U.S. at 556 (prisoners protected from invidious discrimination based on race); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (inmates protected from intentional discrimination based on religion).

Prisoners also "do not constitute a suspect class." Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989); Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir. 1988). That is, "[t]he status of incarceration is neither an immutable characteristic, nor an invidious basis of classification." Moss, 886 F.2d at 690 (internal citations omitted). Further, when a suspect class is not implicated, the Court must determine whether the alleged discrimination is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir. 1987) (citation omitted).

Here, plaintiff has not alleged defendant discriminated against him based on his race or religion or other protected class. Village of Arlington Heights, 429 U.S. at 265; Vermouth, 827 F.2d at 602. Here, as noted above, plaintiff alleges he was treated differently from other students, both those who are inside and those who are outside the institution where he is incarcerated. But prisoners, as explained above, do not constitute a suspect, let alone a protected, classes. Nor has plaintiff shown, and the Court is not aware of any legal authority finding, that students are such a class as well.

In addition, where "there is no independent basis for federal jurisdiction," that is, where the federal claim is "absolutely devoid of merit or obviously frivolous" as appears to be the case here, supplemental jurisdiction does not attach. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (citation omitted); Hunter v. United Van Lines, 746 F.2d 635, 649 (9th Cir. 1985) ("The federal court's jurisdiction over the state-law claim is entirely derivative of its jurisdiction over the federal claim"). Accordingly,

1 unless plaintiff is able to cure the deficiencies in his federal claim as set forth below, the Court is without
2 power to consider his state law claims as well.

3 Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file
4 an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why
5 this matter should not be dismissed by **no later than December 20, 2008**. The amended complaint must
6 carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to
7 adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant
8 to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

9 Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
10 pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
11 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
12 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
13 complaint.

14 The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended
15 complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
16 plaintiff.

17 DATED this 20th day of November, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge