1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA
10
11
JAMES PHILIP DOUGLAS,

Plaintiff,

Case No. C08-5608RJB-KLS

12
REPORT AND
RECOMMENDATION
13
v.
14
RON VAN BOENING, *et al*,

Noted for June 19, 2009

15
Defendants.
16
17
18      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §
19 636(b)(1) and Local Rules MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. §
20 1983. He is proceeding *in forma pauperis* in this matter. This matter is before the Court due to plaintiff's
21 failure to properly cure the deficiencies in his original complaint pursuant to the undersigned's previous
22 order to do so. For the reasons set forth below, the undersigned thus recommends plaintiff's complaint be
23 dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).
24                                           DISCUSSION
25      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745
26 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a
27 complete defense to the action on its face, the Court may dismiss an *in forma pauperis* complaint before
28 service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)

(*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), overruled on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982).

In his original complaint, plaintiff asserted various state law claims against the defendants named therein concerning his participation in information technology classes offered to inmates through Pierce College. (Dkt. #6). Specifically, plaintiff claimed he was unlawfully coerced into continuing to enroll in certain classes against his will. On November 20, 2008, the undersigned issued an order, in which the complaint was found to be deficient, because the only federal claim plaintiff made therein – that Pierce College violated his equal protection rights by not treating him as an equal to other students both within and outside his place of incarceration – was deficient in that: (1) it was not clear Pierce College was a state actor; (2) no allegation of discrimination based on race or religion or protected class status had been made; and (3) Pierce College was not named as a defendant. (Dkt. #9).

Because there was no independent basis for federal jurisdiction, given that plaintiff's one federal claim was completely devoid of merit, the undersigned further determined that supplemental jurisdiction over the other state law claims did not attach. Accordingly, plaintiff was directed to file an amended complaint curing, if possible, the above-noted deficiencies in his original complaint, or show cause why this matter should not be dismissed. On December 11, 2008, the undersigned granted plaintiff's request to stay the proceedings in this matter until March 11, 2009, because, after the original complaint was

1  filed, he was transferred to the Pierce County Jail, where there was limited access to legal materials and

2  outside resources, pending his criminal retrial in the Pierce County Superior Court. (Dkt. #12, #14).

3      On February 24, 2009, plaintiff did file an amended complaint (Dkt. #16), but he also filed with

4  the Court a request to extend the stay previously imposed until May 1, 2009, because his criminal trial

5  was scheduled to begin April 15, 2009. (Dkt. #18).  That request also was granted. (Dkt. #20).  Plaintiff

6  was informed, however, that on May 1, 2009, the stay in this matter would be lifted, unless he informed

7  the Court in writing that his criminal trial had not yet concluded, in which case, he could file a written

8  request for a further extension of the stay.  To date, though, more than three weeks after the deadline for

9  lifting the stay had passed, no written response from plaintiff yet has been received.  Accordingly, the

10  undersigned now shall address the amended complaint plaintiff filed on February 24, 2009.

11      Plaintiff's amended complaint is also fatally deficient.  In that complaint, plaintiff no longer

12  claims Pierce College violated his right to equal protection under the law by forcing him to participate in

13  certain classes.  Rather, plaintiff now alleges his Eighth Amendment right against cruel and unusual

14  punishment was violated by being placed in a prison living unit, the conditions of which caused him both

15  emotional and physical harm, and by being denied timely medical treatment.  Plaintiff further alleges his

16  due process rights were violated by being kept in segregated confinement beyond the time therefor

17  imposed on him as a result of a hearing infraction.

18      Nowhere in the amended complaint, however, does plaintiff state, let alone set forth specific facts

19  to show, how any of the defendants named therein caused or personally participated in causing the harm

20  he now alleges.  Nor did plaintiff cure the deficiencies noted in his original complaint, except by deleting

21  them from his amended complaint, or explain why that original complaint should not be dismissed due to

22  those same deficiencies.  As the amended complaint is equally deficient, albeit for different reasons, and

23  as plaintiff already has been provided an opportunity to cure in this matter, and has not indicated a desire

24  or given any reasons for further extending the stay previously imposed and extended by the undersigned,

25  the Court should dismiss the amended complaint for failure to state a complaint and as frivolous pursuant

26  to 28 U.S.C. § 1915(e).

## CONCLUSION

28      Because plaintiff has failed to properly respond to the Court's order to show cause (Dkt. #9), by

filing an amended complaint curing the deficiencies in his original complaint, and because that amended complaint itself is deficient, the undersigned recommends the Court dismiss it prior to service as frivolous pursuant to 28 U.S.C. §1915(e).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **June 19, 2009**, as noted in the caption.

DATED this 28th day of May, 2009.


Karen L. Strombom
United States Magistrate Judge